# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHESAPEAKE LAND DEVELOPMENT COMPANY LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) NO. CIV-16-0132-HE ) |
| CHICAGO TITLE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Chesapeake Land Development Company, L.L.C. ("Chesapeake") filed this breach of contract and negligence action in state court against Chicago Title Insurance Company ("Chicago Title") and Capitol Abstract & Title Company ("Capitol Abstract"). Chesapeake alleges that it purchased certain property (the "Subject Property" or "Property") in 2007 and defendants issued a title insurance policy "insuring marketable title to the Subject Property in Chesapeake." Doc. #1-3, p. 2. Chesapeake claims that, when it later attempted to sell the land in 2014, it discovered that the Property was encumbered by two restrictive covenants, which defendants had failed to locate or analyze and which "severely limited the use of the Subject Property and rendered Chesapeake's title thereto unmarketable." *Id.* at p. 3. Chicago Title removed the action, asserting that Capitol Abstract, the non-diverse defendant, was fraudulently joined. Chesapeake has filed a motion to remand, contending that the removal was untimely.

## Analysis

The background facts appear to be undisputed.[1] Chesapeake filed its state court petition on September 23, 2015, asserting that defendants Chicago Title and Capitol Abstract, which it refers to collectively as the "Title Companies," issued a title insurance policy and "failed to examine the necessary abstracts or misinterpreted the abstracts that were examined and failed to include as exceptions to marketable title certain restrictive covenants . . . ." Doc. #1-3, pp. 2-3. Chesapeake claims the Title Companies have failed to compensate it for damages caused by their "breach of contract and negligence in compiling or reviewing the abstracts applicable to the Subject Property." *Id.* at p. 3. Defendants filed a motion to dismiss on November 10, 2015, contending, among other arguments, that any negligence or breach of contract claim asserted against either defendant based on allegations of improper or inadequate abstracting was barred by the specific statute of repose applicable to abstracting claims, 1 Okla. Stat. § 42. *See* Doc. 1-10, p. 15.

The state court dismissed Chesapeake's claims against Capitol Abstract at an in chambers hearing held on January 29, 2016, concluding that its negligent abstracting claim against the abstract company was untimely, based on § 42. It denied the motion as to Chesapeake's breach of contract claims against Chicago Title. *See* Doc. #1-17, p. 3. Chicago Title then removed the case on February 12, 2016, arguing that Capitol Abstract was fraudulently joined and the removal was within the 30 day removal period established by 28

---

[1] *Chesapeake did not file a reply brief and refute any of the assertions made by Chicago Title regarding what transpired during an in chambers hearing, which Chicago Title states was not recorded, or the bases for the state court judge's rulings on defendants' motion to dismiss.*

2

U.S.C. § 1446(c). Chicago Title claims it was not until the hearing on the motion to dismiss that Chesapeake clarified that its only claim against Capitol Abstract was for negligent abstracting, *see* Doc. #10, p. 7, and "revealed that it had no defense to the statute of limitations/repose applicable to that claim." Doc. #1, p. 3.

Chesapeake argues that "[t]here is no question that prior to the time Chicago Title filed its Motion to Dismiss on November 10, 2015, it believed that the case could be removed due to its determination that the statute of repose barred the claims against Capitol Abstract." Doc. #9, p. 4. Chesapeake cites to a section of Chicago Title's motion to dismiss titled "'Any Claim Based on Improper Abstracting is Barred by the Statute of Limitations and Statute of Repose,'" *Id.*(quoting Doc. #1-10, at p.15), and its statement in a footnote that "Capitol Abstract has no liability to Chesapeake, certainly there is no basis pled, and if one existed, it has expired under the statutes of limitations and repose." *Id.* (quoting Doc. #1-10, at p 18 n. 6). Chesapeake maintains Chicago Title could have attempted to remove the case, claiming Capitol Abstract was fraudulently joined, at the time it filed its motion to dismiss on November 10, 2015.

Chicago Title responds that the nature of Chesapeake's claims against Capitol Abstract was unclear until the state court hearing on defendants' motion to dismiss. It contends that in the petition Chesapeake asserted all claims jointly against the two defendants, alleging it was damaged by "their breach of contract and negligence." Doc. #1-3, p. 3, ¶6. Then, Chicago Title asserts, in its response to defendants' motion, Chesapeake did not address the argument that 1 Okla. Stat. § 42 barred its negligent abstracting claim, but

3

instead appeared to be adding a new negligence theory – negligent failure to remove the use restrictions. Chicago Title contends that it was not until the hearing that it "had the necessary notice that Chesapeake's only claim against Capitol Abstract was for negligent abstracting, a claim completely barred by the statute of repose in 1 Okla. Stat. § 42." Doc. #10, p. 7. Chicago Title argues that the fraudulent joinder was not reasonably ascertainable before then because the petition included a claim against Capitol Abstract based on the insurance contract that was not barred by § 42, the response to the motion to dismiss "intimated assertion of a negligence claim broader than abstracting error (i.e., negligent release of the use restrictions)," and "Plaintiff did not respond at all to the § 42 statute of repose argument in its Response to the Motion to Dismiss." Doc. #10, p. 8,

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013). It applies when a plaintiff cannot state <u>any</u> claim against the fraudulently joined party, not merely the claim which the plaintiff may have elected to pursue. *See* 13F Charles Alan Wright, Arthur Miller, & Edward Cooper, Federal Practice and Procedure § 3641.1 (3d ed.2009) (To establish "fraudulent joinder," it is sufficient if the party seeking the federal forum demonstrates that "the plaintiff cannot state a reasonable or colorable claim for relief under the applicable substantive law against the party whose presence in the action would destroy the district court's subject matter jurisdiction.").

Fraudulent joinder is not applicable here, where it appears Chesapeake may have had

4

other colorable claims available against Capitol Abstract which it opted not to assert. Chicago Title argues that it was not clear until the state court motion hearing that Chesapeake was only pursuing a negligence claim against Capitol Abstract that was unequivocally barred. See Doc. #10, p. 11. Confusion as to what was being alleged is attributable to Chesapeake's failure to distinguish between the two defendants in the petition, its attempt to add a new theory of negligence against Capitol Abstract in its response to the defendants' motion to dismiss and its later clarification of its claims at the motion hearing. In this circuit a party does not have "a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." Akin v. Ashland Chemical Co., 156 F.3d 1030, 1036 (10th Cir. 1998).

The February 9, 2016, order regarding defendants' motion to dismiss states that "Plaintiff's claims against Capitol Abstract & Title Company and its claims based upon negligence should be, and are hereby, dismissed with prejudice to refiling such claims." Doc. #1-17, p. 3. As that order provided the basis from which Chicago Title could first ascertain that the case was one which had become removable, *see* 28 U.S.C. §1446(c)(3), its notice of removal, filed within 30 days of the order, was timely.

Accordingly, Chesapeake's motion to remand [Doc. #9] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of May, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

5