## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHESAPEAKE LAND DEVELOPMENT COMPANY LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-16-0132-HE |
| CHICAGO TITLE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiff Chesapeake Land Development Company, LLC ("Chesapeake") filed this case in state court against Chicago Title Insurance Company ("Chicago Title"), asserting claims related to Chesapeake's 2007 purchase of two tracts in Nichols Hills, Oklahoma, and to the policy of title insurance issued by Chicago Title as to those purchases. After removal,[1] this court dismissed certain of Chesapeake's claims against Chicago Title. It also denied Chicago Title's motion for judgment on the pleadings based on Oklahoma's Marketable Record Title Act ("MRTA"). Plaintiff's claims for breach of the title insurance policy, and for bad faith breach, remained for resolution. Chicago Title has now moved for summary judgment on the remaining claims, and Chesapeake has moved for partial summary judgment as to certain issues.

---

[1] *Chesapeake also asserted claims against Capitol Abstract & Title Company, an Oklahoma-based entity. The state court dismissed the claims against Capitol Abstract, and Chicago Title then removed the case to this court.*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "A genuine dispute as to a material fact exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quotations and citation omitted).  Applying these standards, the court concludes both motions should be denied.

The background facts are substantially undisputed, are fully set out in the parties' briefs, and it is unnecessary to repeat them in detail here.

## Chicago Title motion

The principal focus of Chicago Title's motion is the re-urging of its position as to the operation on the MRTA on the restrictions in the 1954 deeds.  The court has addressed that argument in prior orders and finds nothing in the present argument which would change the analysis or appropriate result.  Chicago Title's argument would have some force if the 1956 deeds had purported to pass an unrestricted fee simple title, but they did not. Therefore, for the reasons stated more fully in the court's May 17, 2018 Order [Doc. #83], the court concludes as a matter of law that the MRTA did not serve to extinguish the use restrictions in the 1954 deeds.   Chicago Title is not entitled to summary judgment based on the MRTA.

Material issues of fact remain as to other issues bearing on the breach of contract claim.  A jury may ultimately conclude that the releases recently obtained of the 1954 restrictions are sufficient to discharge Chicago Title's duties under the policy, but that is

not clear as a matter of law.  Similarly, the jury may well conclude that Chicago Title paid in excess of the amount attributable to any covered loss under the policy, but that is also not clear on the present record.  The impact of having both deed-based and zoning-based restrictions on the tracts does not lead to a single conclusion as to the impact on value, and the status of the appraisals and/or concessions as to value do not avoid a remaining question as to the extent of any loss suffered by plaintiff.  Finally, a jury might conclude Chicago Title breached the agreement by the non-timely performance of its various obligations.

Material issues of fact also preclude summary judgment on the bad faith claim.  The court is unpersuaded that the amount tendered by Chicago Title was a bad faith "low ball" offer, but concludes the other facts and circumstances, including the timeliness of Chicago Title's performance and various other actions in handling the claim, are sufficient to create a justiciable question as to the bad faith claim.

The Chicago Title motion will be denied.

### Chesapeake motion

Chesapeake seeks to have the court declare as a matter of law that certain language in the title insurance contract is ambiguous, and that its interpretation of the contract as to potential recovery under the contract is a permissible one.  Chesapeake's argument is that the lowest amount of recovery to which it would be entitled would be $10 million less the value of the tracts subject to the restrictions.  In so arguing, it relies on references in the policy to the value of the insured interest "as insured."

It is undisputed that Oklahoma law governs the interpretation of this contract.  "When addressing a dispute concerning the language of an insurance policy [the] first step

3

is to determine as a matter of law whether the policy language at issue is ambiguous." Cranfill v. Aetna Life Ins. Co., 49 P.3d 703, 706 (Okla. 2002).   If the language is unambiguous it is accepted "in its plain, ordinary and popular sense." *Id.*  If the language is ambiguous it is construed to give reasonable effect to its provisions; language of inclusion is construed in favor of the insured and language of restriction is construed against the insurer. *Id.*

The policy language in question reads:

> This policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the insured claimant who has suffered loss or damage by reason of matters insured against by this policy and only to the extent herein described.
> (a)  The liability of the Company under this policy shall not exceed the least of:
> (i) the Amount of Insurance stated in Schedule A; or
> (ii) the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien or encumbrance insured against by this policy.

Doc. # 147-17, p. 7.

In the court's view, the pertinent policy language is unambiguous and Chesapeake's proposed construction of it is singularly unpersuasive.   The policy at issue is, undisputedly, a title insurance contract.   In general, title insurance policies insure against loss from defects in the title to the property, and that is certainly true of this one.[2] They do not insure that the insured made a good deal in buying the property in the first place or that what the

---

[2] *The face page of the policy sets out the insurer's basic undertaking:  to indemnify against loss or damage (subject to exclusions and caps) incurred by reason of (a) title being vested other than as recited in the policy, (b) defects, liens or encumbrances on the title, (c) unmarketability of the title, and (d) lack of right of access to the property.  Doc. # 147-17, p. 1.*

buyer intended to do with it was wise, nor do they, in general, insure against other risks not related to the title.  Chesapeake's proposed construction would turn that understanding on its head, and in effect make the title insurer a guarantor of the policy-owner's "deal."

The specific policy language on which Chesapeake relies does not support its proposed construction for at least two reasons.  First, viewed in context, the policies' reference to "as insured" references the state of the title being insured (i.e. "fee simple title" or whatever quantum of interest was identified in the policy), not the dollar cap on potential coverage.  And second, the referenced language explicitly appears as part of a <u>cap</u> on the insurer's liability, not in the portion of the policy identifying the nature of the insurer's undertaking.  Chesapeake's argument would, in substance, turn a cap on recovery into a presumptive floor, reduced only by the value of the land.  The policy language simply will not support than inventive, but ultimately unpersuasive, argument.  In general, the methodology for computing damages under the policy for any breach established is as suggested by Chicago Title.

Chesapeake's motion for partial summary judgment will be denied except to the extent it sought a determination as to the application of the MRTA.

<u>Conclusion</u>

For the reasons stated, Chesapeake's Motion for Partial Summary Judgment [Doc. # 147] is **DENIED** apart from the MRTA issue**.**  Chicago Title's Motion for Summary Judgment [Doc. # 149] is **DENIED**.

5

**IT IS SO ORDERED**.

Dated this 8th day of August, 2019.

JOE HEATON
UNITED STATES DISTRICT JUDGE